IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**KIWANII EDWARD MOSLEY,**

      **Petitioner,**

v.                                              **CRIMINAL ACTION NO. 2:11-cr-58(3)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Kiwanii Edward Mosley's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). ECF No. 620. Having reviewed the motion and filings, this Court finds that a hearing is not necessary to address Petitioner's motion. *See* 28 U.S.C. § 2255(c). For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

From 2005 to 2007, Petitioner was a member of the Bounty Hunter Bloods/ Nine Tech Gangsters ("BHB/NTG") street gang involved in racketeering activity which included murder, attempted murder, kidnapping, robbery, and narcotics trafficking. ECF No. 235. On April 8, 2011, Petitioner was named in a 59-count Indictment charging several defendants with racketeering and firearm related offenses. ECF No. 3. On August 16, 2011, Petitioner pleaded guilty by plea agreement to Count One of the Indictment charging Racketeer Influenced and Corrupt Organizations (R.I.C.O.), in violation of 18 U.S.C. § 1962(c), and Count 43 of the Indictment charging Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). ECF No. 234.

As part of the plea agreement, Petitioner pleaded guilty to Racketeering Act 17 which alleges conspiracy to commit murder, attempted robbery, murder, and attempted murder. ECF No. 235 at 2–3. The statement of facts, which was incorporated into the plea agreement, indicated that on or about December 15, 2007, Petitioner made plans with some of his co-defendants to rob party guests at a residence in Portsmouth, Virginia. *Id.* During the robbery, Petitioner's co-defendants shot and killed two individuals. *Id.* Petitioner signed both the plea agreement and the statement of facts, stipulating that the allegations made in Count One and Count 43 of the Indictment "were true and correct," and "that had the matter gone to trial, the United States would have proven them beyond a reasonable doubt." *Id.* at 1.

On December 15, 2011, Petitioner was sentenced to 300 months on Count One and 120 months on Count 43. ECF No. 387.

## II. LEGAL STANDARD

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully

litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999). However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains;" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### III. DISCUSSION

The Court begins with a brief review of 18 U.S.C. § 924(c)(1)(A), which mandates heightened criminal penalties for a defendant who uses or carries a firearm "during and in relation to," or possesses a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A); *United States v. Davis*, 139 S. Ct. 2315 (2019). The statute offers two definitions for a "crime of violence" which is commonly referred to as the force clause and the residual clause. 18 U.S.C. § 924(c)(3); *United States v. Fuentes*, 805 F.3d 485, 495 (4th Cir. 2015). The force clause defines a crime of violence as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The residual clause defines a crime of violence as a felony offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §

924(c)(3)(B). In *United States v. Davis*, the United States Supreme Court ("Supreme Court") found the residual clause's definition of a crime of violence unconstitutionally vague but left in place the force clause's definition. 139 S. ct. 2315, 2336 (2019). Therefore, any analysis of whether a felony offense constitutes a crime of violence must meet the force clause. *See* 18 U.S.C. § 924(c)(3)(A).

Petitioner raises three issues related to his 18 U.S.C. § 924(c)(1)(A) conviction and the Supreme Court's decision in *Davis*, 139 S. ct. at 2315. ECF No. 621. First, Petitioner contends that his conviction under 18 U.S.C. § 924(c) cannot stand because two of his underlying predicate offenses for R.I.C.O., specifically conspiracy to commit robbery and robbery, are not categorically a crime of violence. *Id.* at 1. Second, Petitioner argues that during his guilty plea, he did not admit to every element of the offenses in which he pleaded guilty including the two predicate acts of racketeering which alone are not enough to sustain his R.I.C.O. conviction. *Id.* Related to this point, Petitioner also argues that he did not plead guilty to murder as a predicate offense. ECF No. 626 at 2–3. Finally, Petitioner argues actual innocence since he pleaded guilty to an invalid statute. *Id.* at 2.

Petitioner's three arguments are all without merit. First, Petitioner's underlying predicate offenses for his R.I.C.O. conviction, as indicated in both the Indictment and his plea agreement, are based not only on conspiracy to commit robbery and robbery, but also murder and attempted murder. ECF Nos. 3, 235. Petitioner is correct, and the Government acknowledges, that conspiracy to commit robbery is not a crime of violence as defined under the statute. *See United States v. Simms*, 914 F.3d 229, 234 (4th Cir. 2019) (holding that conspiracy to commit Hobbs Act robbery does not categorically qualify as a crime of violence under the force clause's categorical approach). However, murder does qualify as a crime of violence under the elements-based categorical approach. *See In re Irby*, 858 F.3d 231, 238 (4th Cir. 2017) (finding murder qualifies as a crime of

violence under the force clause and noting that one cannot unlawfully kill another human being without a use of physical force capable of causing physical pain or injury to another).

Petitioner does not argue that murder does not qualify as a crime of violence under the 18 U.S.C. § 924(c). Instead, Petitioner argues that he did not plead guilty to murder as a predicate offense. ECF No. 626 at 2–3. The Court's record however, indicates otherwise. On August 16, 2011, Petitioner appeared before this Court and pleaded guilty to Count One of the Indictment charging R.I.C.O. and Count 43 of the Indictment charging possession of a firearm in furtherance of a crime of violence. ECF Nos. 233–235. In the Indictment, Count 43 specifically states that Petitioner used a firearm in furtherance of a crime of violence and incorporates Count 35, Murder in aid of racketeering activity. ECF No. 3 at 41, 45–46. While Petitioner argues that the Indictment should not be considered in deciding his motion, Petitioner's plea agreement and statement of facts must be considered. *See* ECF No. 626.

Petitioner signed both the plea agreement and the statement of facts. ECF Nos. 234–235. According to the statement of facts, Petitioner, with some of his co-defendants agreed to rob individuals at a residence in Portsmouth, Virginia. ECF No. 235 at 2–3. In the course of that robbery, two individuals were killed. *Id.* Petitioner therefore pleaded guilty to Racketeering Act 17 of Count One of the Indictment which alleges murder. *Id.* The predicate offense for 18 U.S.C. § 924(c) was murder in furtherance of racketeering. *See* ECF No. 3.

The record indicates that Petitioner understood that he pleaded to murder as a predicate offense as Petitioner, represented by counsel, indicated this in his positioning papers. *See* ECF No. 362 (noting that "Count 43 is possession or use of the firearm used in the commission of crimes of violence on December 15, 2007, specifically [] murder."). The murder was also discussed at sentencing. *See also* Sentencing Transcript 25:12–27:19. While Petitioner reiterates again that the

5

murder was not intentional, but reckless, this is irrelevant to whether Petitioner pleaded guilty to murder as a predicate offense.

Petitioner's plea was made voluntarily, knowingly, and intelligently. *See* ECF No. 233. By signing the plea agreement, Petitioner stipulated that the allegations of Counts One and 43 of the Indictment and the statement of facts "were true and correct," and "that had the matter gone to trial, the United States would have proven them beyond a reasonable doubt." ECF No. 235 at 1. Therefore, contrary to Petitioner's argument, he did admit to every element of the offense in which he pleaded guilty, including the predicate acts of racketeering. Absent clear and convincing evidence to the contrary, Petitioner is bound by the factual representations he made to the Court at the time he entered his plea. *See Little v. Allsbrook*, 731 F.3d 238, 239–40 n. 2 (4th Cir. 1984).

Finally, Petitioner argues that because he pleaded guilty to an invalid statute, he is actually innocent. ECF No. at 621. However, as discussed previously, the *Davis* case only invalidated the definition of a crime of violence under the residual clause. *Davis*, 139 S. Ct. at 2315. Therefore, Petitioner's conviction for a crime of violence is still valid under the force clause.

## IV. CONCLUSION

Thus, for the reasons stated above, Petitioner's Motion is **DENIED.**

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based on incorrect interpretations of

statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 1 , 2020

_____
UNITED STATES DISTRICT JUDGE