IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**KIWANII EDWARD MOSLEY,**

Petitioner,

v.                                        CRIMINAL ACTION NO. 2:11-cr-58-3

**UNITED STATES OF AMERICA,**

Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Kiwanii Edward Mosley's ("Petitioner") Motion for Compassionate Release. ECF Nos. 673, 690. For the reasons stated below, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

From 2005 to 2007, Petitioner was a member of the Bounty Hunter Bloods/ Nine Tech Gangsters ("BHB/NTG") street gang involved in racketeering activity which included murder, attempted murder, kidnapping, robbery, and narcotics trafficking. ECF No. 235. On April 8, 2011, Petitioner was named in a 59-count indictment, charging several defendants with racketeering and firearm related offenses. ECF No. 3. On August 16, 2011, Petitioner pleaded guilty to Count 1 and Count 43 of the indictment. Count 1 charged Petitioner with Racketeer Influenced and Corrupt Organizations (R.I.C.O.), in violation of 18 U.S.C. § 1962(c), and Count 43 charged Petitioner with Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). ECF No. 234.

The Statement of Facts, which was incorporated into Petitioner's Plea Agreement, states that on or about December 15, 2007, Petitioner made plans with some of his co-defendants to rob

1

party guests at a residence in Portsmouth, Virginia. ECF No. 235 at 2–3. During the robbery, Petitioner's co-defendants shot and killed two individuals. *Id.* On December 15, 2011, Petitioner was sentenced to 300 months on Count 1 and 120 months on Count 43, all to be served consecutively for a total of 420 months. ECF No. 387. Thereafter, Petitioner received a sentence reduction, reducing his sentence to a total of 240 months for both counts. ECF No. 442.

On March 5, 2021, Petitioner filed a *pro se* Motion for Compassionate Release based upon the ongoing COVID-19 pandemic. ECF No. 673. The Court ordered appropriate responses on March 15, 2021. ECF No. 674. Petitioner's counsel supplemented Petitioner's Motion on May 7, 2021. ECF No. 690. The Government responded in opposition on May 12, 2021. ECF No. 691. Petitioner then filed a reply on May 17, 2021, ECF No. 698, and later supplemented his Motion with an Affidavit from Petitioner's mother on June 3, 2021. ECF No. 701. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the

exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

**B. The Compassionate Release Standard**

As amended by the FIRST STEP Act, a court may modify a term of imprisonment upon a motion from the petitioner and after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" were previously described by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances. U.S.S.G. §1B1.13, n. 1 (A)–(C). Additionally, the Sentencing Commission further defined the limits under which a sentence reduction may be given under those justifications. *Id.* The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020), *aff'd*, 981 F.3d 271 (4th Cir. 2020); *see also United States v. Lisi*, 2020 WL 881994, at

3

*3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Additionally, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Exhaustion Issue

On December 5, 2020, Petitioner completed a request for compassionate release based upon the ongoing COVID-19 pandemic. ECF No. 690-2. The parties disagree as to whether Petitioner's request was ever filed with the BOP. ECF Nos. 691 at 3 and 694 at 2. While the Government argues that FCI Fort Dix has no record of a request for compassionate release from Petitioner, Petitioner argues that he submitted the request and received no response. *Id.* Consequently, Petitioner furthers that 30 days have lapsed, indicating that the exhaustion requirements under § 3582(c)(1)(A) were met. At any rate, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020). Accordingly, the exhaustion requirement within § 3582(c)(1)(A), as applied to Petitioner, is hereby waived.

**B. Resolution of Petitioner's Request for Compassionate Release**

1. *Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner's offense conduct involved life-threatening unlawful activity. Petitioner was a member of a deadly street gang that committed numerous acts of violence including murder, attempted murder, kidnapping, robbery, and narcotics trafficking. ECF No. 675. In particular, Petitioner committed multiple armed robberies, brandished a weapon in furtherance of these robberies, possessed and sold crack cocaine, and aided and abetted in the murder of multiple victims. ECF No. 675. Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense…and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B).

To date, Petitioner has served approximately 50% of his 240-month sentence. The Court recognizes that Petitioner has taken several education courses, earned his GED, and maintains strong familial support in Chesapeake, VA. ECF No. 690 at 24. However, after full consideration of the § 3553(a) factors, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

2. *Evaluation of "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for release based upon the COVID-19 pandemic has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton).

Here, Petitioner is presently incarcerated at FCI Fort Dix which houses approximately 2,871 inmates. *FCI FORT DIX*, BOP, https://www.bop.gov/locations/institutions/ftd/. At this time, FCI Fort Dix oversees 1965 inmates who were previously diagnosed with COVID-19 but maintains no current COVID-19 diagnoses. *See COVID19 Inmate Test Information*, BOP, https://www.bop.gov/coronavirus/. As the BOP continues to distribute its allotment of COVID-19 vaccines, FCI Fort Dix has fully vaccinated 1485 inmates, not including Petitioner. *COVID-19 Vaccine Implementation*, BOP, https://www.bop.gov/coronavirus/; ECF Nos. 42 and 44.

Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020). Here, Petitioner proffers his weight and status as a former chronic smoker as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 690 at 14. The CDC does indicate that being obese (BMI > 30 but < 40), "can make you more likely to get severely ill from COVID-19."[1] The CDC also states that "[b]eing a current or former cigarette smoker can make you more likely to get severely ill from COVID-19."[2] Despite Petitioner's ailments, however, the Court is unable to conclude that Petitioner presents an extraordinary and compelling reason to warrant release from prison.

The Court has examined Petitioner's medical records and notes that Petitioner has a BMI just over the obesity threshold at approximately 30.7. ECF No. 690-3. But Petitioner is 33 years old, has previously recovered from the COVID-19 virus, and does not appear to have any weight-

---

[1] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.
[2] *Id.*

6

related health issues. *See* ECF No. 690-3. Moreover, Petitioner has been in federal custody since April 14, 2011, indicating that Petitioner has not smoked since he was at least 23 years old, a little over 10 years ago.

While the Court is unaware of whether Petitioner is fully vaccinated, approximately half of the inmates at FCI Fort Dix have been vaccinated. This is an indication to the Court that Petitioner either has access to a vaccine or will soon have access to one. The CDC advises that upon vaccination, "[y]ou can resume activities that you did prior to the pandemic" and "[y]ou can resume activities without wearing a mask or staying 6 feet apart."[3] Additionally, "COVID-19 vaccines are effective at preventing COVID-19 disease, especially severe illness and death."[4] With this information from the CDC and knowing that Petitioner is in an environment in which many of the inmates within his facility are vaccinated (and continue to be vaccinated), the Court cannot conclude that Petitioner's circumstances are so extraordinary as to warrant release from incarceration.

While the world continues to grapple with the pandemic, it is imperative to acknowledge that many persons who are incarcerated suffer from a variety of ailments that may make them susceptible to severe illness from a COVID-19 diagnosis. With the added protection of a COVID-19 vaccine, vaccinated inmates with various comorbidities are now better positioned against a COVID-19 diagnosis than the inmates who were released prior to widespread accessibility to a COVID-19 vaccine. As the Court continues to exercise its discretion in releasing the most vulnerable inmates in light of the pandemic, the Court declines to release inmates who lack a significant showing of potential fatality from a COVID-19 diagnosis. After considering the §

---

[3] *When You've Been Fully Vaccinated*, CENTERS FOR DISEASE CONTROL AND PREVENTION (May 16, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html.
[4] *Id.*

7

3553(a) factors and based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief. Accordingly, the purposes of Petitioner's original sentence remain unfulfilled.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 10, 2021

Raymond A. Jackson
United States District Judge